**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ARA HOVANESYAN,

       Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

       Respondent.

</td><td>

No. 11-71541

Agency No. A075-477-750

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued January 9, 2015
Submitted March 4, 2015
Pasadena, California

Before: WARDLAW, W. FLETCHER, and OWENS, Circuit Judges.

Ara Hovanesyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' (BIA) decision (1) affirming the Immigration

Judge's (IJ) denial of withholding of removal and relief under the Convention

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Against Torture, and (2) denying his motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. Reviewing the BIA's decision de novo, we conclude that Petitioner was not deprived of his right to a full and fair hearing by the IJ's failure to recuse herself. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 925 (9th Cir. 2007). The IJ's request for the alien number of Petitioner's expert witness did not evidence "a personal . . . bias stemming from an 'extrajudicial' source which resulted in an opinion on the merits on some basis other than what the immigration judge learned from [her] participation in the case." *Id.* at 925 (internal quotation marks omitted). Nor did the IJ's demeanor toward the witness reveal "deep-seated . . . antagonism" against Petitioner. *Id.* (internal quotation marks omitted).

2. The IJ did not abuse her discretion in refusing to continue Petitioner's hearing to permit him to file an interlocutory appeal from the denial of his recusal motion. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). Petitioner was able to address recusal in his appeal to the BIA after his applications for relief were denied on the merits, and he therefore could not show "good cause" for granting a continuance. *See id.* at 1012-14.

3. Substantial evidence supports the BIA's conclusion that Petitioner was not likely to be persecuted or tortured as a conscript in the Armenian Army

because the record shows that Petitioner had, in fact, aged out of eligibility for conscription. *See Barraza Rivera v. I.N.S.*, 913 F.2d 1443, 1450 (9th Cir. 1990).

4. The BIA did not abuse its discretion in denying Petitioner's motion to remand, which he characterizes as a motion to reopen. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005) (analyzing the factors for ruling on a motion to reopen in considering whether the BIA abused its discretion by refusing to remand). The evidence Petitioner sought to present on remand was duplicative of evidence available at the time of his original hearing. Thus, the BIA did not abuse its discretion under 8 C.F.R. § 1003.2(c)(1). *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (holding that the BIA may deny motions to reopen where the new evidence to be presented is not "qualitatively different" from previously submitted evidence).

**Petition DENIED.**